NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
JOHN D. ELLIS (Cal. Bar No. pending)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6607
                   (213) 894-2740
    Facsimile:   (213) 894-0115
    E-mail:      robert.conte@usdoj.gov
                   john.ellis3@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MONEY SHINDAY and NILA SHINDAY,<br><br>            Defendants. | Civil No. 2:18-cv-6891<br><br>COMPLAINT TO REDUCE PENALTY ASSESSMENTS TO JUDGMENT |

## COMPLAINT

    The United States brings this action to collect unpaid federal penalty assessments and interest as provided by law and to reduce those assessments to judgment. The United States complains and alleges on information and belief as follows.

### Authorization for Suit

    1.    This action is brought pursuant to 31 U.S.C. § 3711(g)(4)(C) and in accordance with 31 U.S.C. § 5321 at the direction of the Attorney General of the United States and at the request of--and with the authorization of--the Chief Counsel of the

1

Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury of the United States.

### Jurisdiction and Venue

2. The district court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1340 because the action arises under the laws of the United States and the United States is the plaintiff.

3. Venue properly lies in the Central District of California under 28 U.S.C. § 1391(b)(1) because defendants Money Shinday (Mr. Shinday) and Nila Shinday (Mrs. Shinday), husband and wife, reside within the judicial district in Santa Barbara County, California. Venue is further proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the United States' claims in this action occurred within the judicial district.

### Defendants Failed to Report Foreign Financial Accounts

4. Section 5314 of Title 31 of the United States Code requires United States citizens to report certain transactions and relationships with foreign financial agencies.

5. Under Section 5314's implementing regulations, "[e]ach United States person having a foreign interest in, or signature or authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which that relationship exists. 31 C.F.R. § 1010.350.

6. The relationship must be reported to the IRS on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts. That form is commonly called an "FBAR." An FBAR is due no later than June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

7. Defendants were naturalized citizens of the United States at all relevant times.

8. During 2005 through 2011, and other years, defendants had financial interests in, signature authority over, and/or otherwise controlled financial accounts

2

outside of the United States.

9. Defendants had an investment account at UBS AG (UBS), a bank in Switzerland, from 2005 through 2008, among other years. Defendants' UBS account had year-end balances of $350,019, $361,819, $420,893, and $15,003 in 2005, 2006, 2007, and 2008, respectively.

10. From 2005 through 2011, defendants had as many as twenty-nine and as few as seven fixed deposit accounts at the State Bank of India (SBI), a bank in India. Defendants' SBI accounts had aggregate year-end balances of $444,035, $669,729, $258,079, $306,647, $411,502, $216,530, and $362,506 in 2005, 2006, 2007, 2008, 2009, 2010, and 2011, respectively.

11. During the years 2005 through 2011, defendants' foreign accounts, either individually or collectively, had balances in excess of $10,000.

12. Defendants were required by law to file FBARs reporting their financial interest in their foreign accounts for the years 2005 through 2011, as well as for any other year implicating the FBAR reporting requirements.

13. Defendants did not file timely FBARs disclosing their foreign accounts for the years 2005 through 2011.

**Willful Failure to File FBARs**

14. The United States alleges that defendant Money Shinday's failure to file FBARs was willful.

15. The United States alleges that defendant Nila Shinday's failure to file FBARs was non-willful.

16. Mr. Shinday opened the UBS account in 1988 with an initial deposit of $5,000.

17. In the 1990s Mr. Shinday transferred the UBS account to Mrs. Shinday. In turn, Mrs. Shinday granted Mr. Shinday power of attorney pursuant to which Mr. Shinday retained control of the account.

18. Renzo M. Gadola was a Director of Private Banking, North America, at

3

UBS's Zurich, Switzerland, branch during the years in which defendants held the UBS account. Mr. Shinday provided instructions to Mr. Gadola regarding defendants' investments in the UBS account and asked him to arrange transfers into or out of the account. It was Mr. Gadola's practice to prepare memoranda that memorialized Mr. Shinday's instructions regarding defendants' UBS account.

19. Before 2002 Mr. Shinday used the UBS account to purchase and sell securities and currencies and provided UBS detailed instructions for these trades. In May of 2000, for instance, Mr. Shinday called Mr. Gadola and instructed him to withdraw half of defendants' U.S. positions; to invest a portion of the proceeds in British stocks; and to facilitate a $50,000 cash withdrawal by a relative in London.

20. During most years in which they held the UBS account, defendants visited UBS's Zurich branch while traveling through Switzerland. During these visits, defendants frequently withdrew cash--often $50,000 or so--from their UBS account.

21. On many occasions, defendants directed UBS to transfer money from the UBS account to their relatives. Frequently, defendants directed UBS to deliver cash--usually $50,000 or $100,000--to T.J.P., a relative in London. On at least one occasion, defendants expressed concern to UBS that these transactions would be reported to taxing authorities. In 2002, for instance, a memorandum prepared by Mr. Gadola indicates that defendants asked whether Mrs. Shinday's brother, a citizen of the United Kingdom, would be able to withdraw $50,000 of defendant's funds from UBS's London branch without the transaction being reported.

22. In early 2002 UBS informed defendants of changes in U.S. tax law that would require UBS to report defendants' securities transactions to U.S. tax authorities, or, in the absence of reporting, withhold and pay over to the IRS taxes on the proceeds from the transactions. In light of the changes, UBS suggested--and defendants agreed--that UBS would no longer accept defendants' instructions for the purchase and sale of securities. Instead, UBS would provide only "discretionary asset management" services pursuant to which it would manage defendants' holdings according to an investment

profile selected by defendants. Additionally, UBS would retain all mail relating to defendants' account at its Zurich branch. Defendants retrieved the mail during their trips through Zurich. On at least two occasions, in 2004 and 2008, Mrs. Shinday authorized UBS to destroy whatever mail defendants did not take with them when they departed Switzerland.

23. In 2008 UBS advised defendants of new laws that would apply to U.S. citizens with foreign accounts and recommended that defendants close their UBS account. Soon after, defendants began withdrawing the funds in their UBS account. They transferred most of the funds in the UBS account to their SBI accounts in 2008 and transferred the remaining balance to SBI in 2009. Defendants requested that UBS send all documentation relating to the closure of their account to T.J.P.

24. Defendants filed joint federal income tax returns (Forms 1040) for the 2005 through 2011 tax years. They hired J.B., a certified public accountant, to file those returns.

25. Defendants prepared their 2005 through 2010 returns as follows. Mr. Shinday prepared an initial draft of each return, including attached schedules. He then sent the draft to J.B., who finalized the returns for filing and, if necessary, asked defendants for additional information.

26. The draft returns prepared by Mr. Shinday for 2005 through 2010 included a Schedule B, Interest and Dividends. Schedule B required defendants to report any interest or dividends, whether domestic or foreign, that they received during the tax year. Defendants did not report any of the interest or dividends associated with defendants' UBS or SBI accounts on the Schedule Bs for 2005 through 2010. They did, however, report on the Schedule Bs domestic and foreign interest and dividends that they received during those years.

27. The Schedule Bs also asked defendants to state whether they had a financial interest in or signature authority over a financial account located in a foreign country. Defendants checked a box on Schedule B of their 2005, 2006, 2007, 2008, 2009, and

2010 tax returns indicating that they did not have ownership or signature authority over foreign accounts for those years. Those returns were signed by defendants under penalty of perjury.

28. When preparing defendants' 2005 through 2010 tax returns, J.B. asked defendants whether they engaged in any foreign activities. Defendants reported certain investments they had in Canada but did not disclose to J.B. their UBS or SBI accounts.

29. Defendants disclosed the existence of the SBI accounts on their 2011 tax return. They did not, however, file a timely FBAR relating to that year.

30. The IRS conducted an examination of defendants' 2005 through 2011 income tax returns. During the audit, when the IRS asked defendants whether they had any foreign activities or accounts, they disclosed only two Canadian investment accounts. Defendants later admitted during the audit that they owned the UBS and SBI accounts.

**Reduction of Assessment to Judgment**

31. On or around August 23, 2016, the IRS assessed non-willful FBAR penalties against defendant Nila Shinday for each of the 2007, 2008, 2009, 2010, and 2011 tax years. Each penalty was in the amount of $10,000. Together, the penalties totaled $50,000. The penalties were assessed with respect to defendants' interests in the UBS and SBI accounts. True copies of the official records of assessment, Forms 13448, Penalty Assessment Certification, relating to Mrs. Shinday's FBAR penalties are attached as Exhibit 1.

32. On or around August 23, 2016, the IRS assessed willful FBAR penalties against defendant Money Shinday in the aggregate amount of $257,888 for the 2007, 2008, 2009, 2010, and 2011 years. The penalties were assessed with respect to defendants' interests in the UBS and SBI accounts. The penalty assessments represent 25% of $1,031,548, the combined 2006 year-end balance of in defendants' UBS and SBI accounts. The penalties were divided equally between the 2007 through 2011 years. True copies of the Forms 13448 relating to Mr. Shinday's FBAR penalties are attached

6

as Exhibit 2.

33. Under 31 U.S.C. § 5321(b)(1), the IRS is required to assess FBAR penalties no later than six years after the date of the violation. The last day the IRS could assess defendants' 2011 FBAR penalties was June 30, 2018. The last day the IRS could assess defendants' 2010 FBAR penalties was June 30, 2017. And defendants signed agreements extending the date for the IRS to assess their FBAR penalties for 2005, 2006, 2007, 2008, and 2009 until June 30, 2017. Accordingly, each assessment underlying this case was timely.

34. On or around August 23, 2016, notice and demand for payment of the FBAR penalties was sent to defendants at their last known address.

35. Interest, as provided by law, has accrued on the penalties assessed against each defendant and remains unpaid. Late payment penalties have also accrued. As of June 29, 2017, the unpaid balance owed to the United States by defendant Money Shinday for the FBAR penalties, including late payment penalties and interest, was $269,839. As of June 29, 2017, the unpaid balance owed to the United States by defendant Nila Shinday for the FBAR penalties, including late payment penalties and interest, was $52,973.

36. The United States is entitled to a judgment against defendant Money Shinday in the amount of $269,839 plus additional accrued penalties, interest, and fees as provided by law.

37. The United States is entitled to a judgment against defendant Nila Shinday in the amount of $52,973 plus additional accrued penalties, interest, and fees as provided by law.

WHEREFORE, the United States requests that the Court:

A. Enter judgment against defendant Money Shinday and in favor of the United States in the amount of $269,839, plus additional accrued penalties, interest, and fees as provided by law.

B. Enter judgment against defendant Nila Shinday and in favor of the United

1 | States in the amount of $52,973, plus additional accrued penalties, interest, and fees as
2 | provided by law.

3       C.     Award the United States such other relief as justice requires.

5 Dated: August 10, 2018       Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division


    /s/ John D. Ellis
JOHN D. ELLIS
Assistant United States Attorney

    /s/ Robert F. Conte
ROBERT F. CONTE
Assistant United States Attorney

Attorneys for the United States of America

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: NILA SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2007

Proposed Penalty:

Foreign Account Number(s): [redacted] 1726; MULTIPL

Foreign Bank: UBS; STATE BANK OF INDIA

| | |
|---|---|
| 2. Non-Willful Failure to meet recordkeeping requirements - 31 | $10,000.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____  Tuesday, August 23, 2016
CTR OPERATIONS DEPARTMENT MANAGER

Exhibit 1

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: NILA SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2008

Proposed Penalty:

Foreign Account Number(s): [redacted] 1 726; MULTIPL

Foreign Bank: UBS; STATE BANK OF INDIA

| | |
|---|---|
| 2. Non-Willful Failure to meet recordkeeping requirements - 31 | $10,000.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____ Tuesday, August 23, 2016
CTR OPERATIONS DEPARTMENT MANAGER

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case.Name: NILA SHINDAY

SSN/EIN: ▮

Calendar Year: 12/31/2009

Proposed Penalty:

Foreign Account Number(s): MULTIPLE ACCOUNTS

Foreign Bank: STATE BANK OF INDIA

| | |
|---|---|
| 2. Non-Willful Failure to meet recordkeeping requirements - 31 | $10,000.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____   Tuesday, August 23, 2016
CTR OPERATIONS DEPARTMENT MANAGER

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: NILA SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2010

Proposed Penalty:

Foreign Account Number(s): MULTIPLE ACCOUNTS

Foreign Bank: STATE BANK OF INDIA

2. Non-Willful Failure to meet recordkeeping requirements - 31    $10,000.00

$0.00

$0.00

$0.00

$0.00

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____
CTR OPERATIONS DEPARTMENT MANAGER

Tuesday, August 23, 2016

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: NILA SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2011

Proposed Penalty:

Foreign Account Number(s):

Foreign Bank: STATE BANK OF INDIA

| | | |
|---|---|---|
| 2. Non-Willful Failure to meet recordkeeping requirements - 31 | $10,000.00 | MULTIPLE ACCOUNTS |
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____
[signature]
CTR OPERATIONS DEPARTMENT MANAGER

Tuesday, August 23, 2016

Page 1 of 10

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MONEY S SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2007

Proposed Penalty:

Foreign Account Number(s): [redacted] 1726; MULTIPL

Foreign Bank: UBS; STATE BANK OF INDIA

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $51,578.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

Tuesday, August 23, 2016

[signature]

CTR OPERATIONS DEPARTMENT MANAGER

Exhibit 2

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MONEY S SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2008

Proposed Penalty:

Foreign Account Number(s): [redacted] 1726; MULTIPL

Foreign Bank: UBS; STATE BANK OF INDIA

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $51,578.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_[signature]_ Tuesday, August 23, 2016

CTR OPERATIONS DEPARTMENT MANAGER

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MONEY S SHINDAY  
SSN/EIN: [redacted]  
Calendar Year: 12/31/2009

Proposed Penalty:

| | Foreign Account Number(s): | Foreign Bank: |
|---|---|---|
| | MULTIPLE ACCOUNTS | STATE BANK OF INDIA |

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $51,578.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____  Tuesday, August 23, 2016  
CTR OPERATIONS DEPARTMENT MANAGER

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MONEY S SHINDAY

SSN/EIN: [redacted]

Calendar Year: 12/31/2010

Proposed Penalty:

Foreign Account Number(s): MULTIPLE ACCOUNTS

Foreign Bank: STATE BANK OF INDIA

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $51,577.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_____    Tuesday, August 23, 2016
CTR OPERATIONS DEPARTMENT MANAGER

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name: MONEY S SHINDAY

SSN/EIN: ▮▮▮▮

Calendar Year: 12/31/2011

Proposed Penalty:

Foreign Account Number(s): MULTIPLE ACCOUNTS

Foreign Bank: STATE BANK OF INDIA

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $51,577.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_[signature]_  Tuesday, August 23, 2016

CTR OPERATIONS DEPARTMENT, MANAGER