MALCOLM S. MCNEIL (SBN 109601)
malcolm.mcneil@arentfox.com
ISMAEL BAUTISTA JR. (SBN 252139)
ismael.bautista@arentfox.com
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, California 90013-1065
Telephone: 213.629.7400
Facsimile:  213.629.7401

Attorneys for Defendants
MONEY SHINDAY and NILA SHINDAY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONEY SHINDAY and NILA SHINDAY,<br><br>Defendants. | Case No.  2:18-cv-06891-CAS (Ex)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Judge:        Hon. Christina A. Snyder<br>Date:         December 3, 2018<br>Time:         10:00 a.m.<br>Courtroom: 8D<br><br>Magistrate Judge:  Hon. Charles F. Eick<br><br>Complaint Filed: August 10, 2018 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff United States ("Plaintiff") alleges a single claim for relief against Defendants Manny Shinday ("Mr. Shinday") and Nila Shinday ("Mrs. Shinday") (together, "Defendants") for reducing to judgment the penalties assessed for failing to report foreign bank accounts. Such accounts should be reported to the IRS on Treasury Form TD F 90-221, Report of Foreign Bank and Financial Accounts ("FBAR"). In particular, Plaintiff seeks penalties for willful failure to file FBARs against Mr. Shinday totaling $269,839 pursuant to 31 U.S.C. § 5321(a)(5)(C).

Such penalties, however, cannot exceed $100,000. At least two federal district courts recently ruled that FBAR willful penalties cannot exceed $100,000 because they violate 5 U.S.C. § 706(2), which prohibits capricious and arbitrary actions by a federal agency. In May 2018, the Court in *U.S. v. Colliot*, 2018 WL 2271381 (May 16, 2018, W.D. Texas) ruled that FBAR regulations have not been modified to allow the IRS to impose penalties that exceed $100,000. In *U.S. v. Wadhan*, __ F.Supp.3d ____ (2018), 2018 WL 3454973 (July 18, 2018, D. Col.), the Court reached the same conclusion, reasoning that the legislative history of a 2004 law amending the FBAR statute, *i.e.*, 31 U.S.C. § 5321(a)(5)(C), lent no support to the claim that the FBAR regulations were superseded or invalidated by the 2004 amendments.

Plaintiff may argue that the *Colliot* and *Wadhan* should be ignored, and that the Court should instead rely on *Norman v. U.S.*, 138 Fed.Cl. 189 (2018), decided on July 31, 2018. In *Norman*, the Court noted its disagreement with *Colliot* and ruled that under its interpretation of the 2004 amendments, Congress intended to increase FBAR penalties in excess of $100,000. The holding in *Norman*, however, should not supersede the well-reasoned opinions under *Colliot* and *Wadhan* because it contradicts the statute's plain meaning and misinterpreted its legislative history.

///

ATTORNEYS AT LAW
LOS ANGELES

- 2 -

MEMO OF P&As ISO DEFS MOTION TO DISMISS
2:18-CV-06891-CAS (EX)

Therefore, the Motion should be granted because the FBAR willful penalties are capped at $100,000, and the IRS's allegations should be limited to the same.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff alleges that between 2005 and 2011, and other years, Defendants had foreign bank accounts with balances in excess of $10,000. (FAC ¶¶ 8-11). Defendants did not file FBARs in connection with these accounts. (FAC ¶¶ 12-13). Plaintiff alleges that Mr. Shinday willfully failed to report these accounts, which resulted in the IRS imposing on August 23, 2016, FBAR willful penalties totaling $257,888, excluding interest. (FAC ¶ 32). As to Mrs. Shinday, the IRS imposed non-willful penalties totaling $50,000, excluding interest. (FAC ¶ 31). With interest, the willful penalties against Mr. Shinday total $269,839, while the non-willful penalties against Mrs. Shinday total $52,973. (FAC ¶ 35).

On September 17, 2018, in a related tax court action entitled *Shinday v. Commissioner of Internal Revenue*, U.S. Tax Court, Case No. 5612-17, the Court rendered a decision finding that, *inter alia*, there are no civil fraud penalties due from the Shindays for the tax years 2005 through 2009 under I.R.C. § 6663.[1]

## III. THE COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).

### A. Standard on Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). The factual allegations

---

[1] On or about March 7, 2017, the Shindays filed a Petition with the U.S. Tax Court seeking to set aside, *inter alia*, civil fraud penalties in connection with unreported income from their foreign bank accounts between the 2005 and 2009 tax years. (The 2010 and 2011 years were not challenged because the Shindays were not assessed penalties for those years). Pursuant to the Court's September 17, 2018, decision, the Shindays were found to not have committed civil fraud in connection with such unreported accounts, which are the same subject of this FBAR action.

are sufficient only if, when accepted as true and construed in the light most favorable to plaintiff, they state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (citation omitted)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (explaining that a complaint must include enough "[f]actual allegations . . . to raise a right to relief above the speculative level.").

A complaint must contain more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678. In particular, courts need not accept as true "legal conclusions" masquerading as fact. *Id.* "Threadbare recitals" of a cause of action's elements will not support a claim either. *Id.*; *see also Twombly*, 550 U.S. at 555 (requiring more than "a formulaic recitation of the elements of a cause of action"); *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). Leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### B. The Reasoning Under the *Colliot* and *Wadhan* Opinions Applies and Should Be Followed

Pursuant to 5 U.S.C. § 706(2), the Court must rule as unlawful and set aside federal agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

In *U.S. v. Colliot*, the Court dealt with an FBAR collections suit where the IRS sought $548,773 in penalties for willful violations pursuant to 31 U.S.C. § 5321(a)(5). *Colliot*, supra, 2018 WL 2271381 at *1. The Court analyzed the history

of such statute originally established by the Bank Secrecy Act of 1970. *Id.* at *1-2. The Court noted that a previous version of the statute "allowed the Secretary of the Treasury to impose civil monetary penalties amounting to the greater of $25,000 or the balance of the unreported account up to $100,000." *Id.* at *1. A related regulation, 31 C.F.R. § 103.57, that the Treasury Department promulgated via notice-and-comment rulemaking confirmed that for any willful violation committed after October 26, 1986, the Secretary may assess a civil penalty not to exceed $100,000. *Id.* In 2002, the authority to assess penalties was re-delegated to the IRS, with the related regulations unaffected. *Id.* at *2.

The *Colliot* Court further noted that in 2004, Congress amended 31 U.S.C. § 5321(a)(5) "to increase the maximum penalties that could be assessed for willful failure to file an FBAR." *Id.* at *2 (citations omitted). The penalties increased to a minimum of $100,000 and a maximum of 50% of the balance of the unreported account. *Id.* (citations omitted). The Court noted that, despite this increase, "the regulations promulgated under the prior version of the statute remained unchanged." *Id.* Although the 31 C.F.R. § 103.57 regulation was renumerated as 31 C.F.R. § 1010.820, it otherwise remained the same.

In holding that the 2004 amendments to 31 U.S.C. § 5321(a)(5) did not supersede or invalidate 31 C.F.R. § 1010.820, the Court reasoned the statute "sets a ceiling for penalties assessable for willful FBAR violations, but it does not set a floor." *Id.* at *2. The Court pointed out that §5321(a)(5)[2] also gives the Secretary of the Treasury discretion to determine the penalty amount as long as it does not exceed the ceiling imposed by § 5321(a)(5)(C). *Id.* Because 31 C.F.R. § 1010.820 caps such discretion at $100,000, both 31 U.S.C. § 5321(a)(5) and 31 C.F.R. § 1010.820 are consistent with each other. *Id.* As a result, willful FBAR penalties exceeding $100,000 violate 5 U.S.C. § 706(2) because they resulted from

---

[2] 31 U.S.C. § 5321(a)(5)(A) provides that the "Secretary of the Treasury *may* impose a civil money penalty on any person who violates…" (Italics added).

capricious and arbitrary actions by the IRS. *Id.* at 2-3.

The *Colliot* Court dismissed the IRS's argument that Congress "clearly intended to increase penalties for willful FBAR violations when it amended § 5321(a)(5), and therefore, § 5321 implicitly supersedes § 1010.820." *Id.* at *3, fn. 2. The Court, however, reasoned that such argument is:

> [F]oreclosed by the unambiguous text of § 5321(a)(5), which allows the Secretary of the Treasury to assess larger penalties than those provided for by § 1010.820 but ultimately leaves the decision of whether or not to do so within the Secretary of the Treasury's discretion. *See* 31 U.S.C. § 5321(a)(5) (providing the Secretary of the Treasury "*may* impose a civil penalty" falling with the penalty threshold set by § 5321(a)(5).

*Id.* (emphasis in original).

The Court in *U.S. v. Wadhan, supra*, reached the same conclusion as the *Colliot* Court. The *Wadhan* Court thoroughly analyzed the legislative history of 31 U.S.C. § 5321(a)(5), stressing that "there is nothing in the legislative history…that suggests that Congress intended to limit the discretion of the Secretary to determine what penalties should be imposed." *Wadhan, supra*, 2018 WL 3454973 at *3. In particular, the Court analyzed the Senate Report and found that it only focused on adding civil penalties for non-willful violations. *Id.* at *4 (citing S. Rep. No. 108-192 at 108 (2003)). Although willful violations are mentioned in the Conference Report, the reference is limited to stating that "the increase in penalties is based on a Senate amendment and that the committee accepted the amendment." *Id.* (citing H.R. Rep. No. 108-755 at 615 (2004) (Conf. Rep.)).[3] Thus, willful FBAR violations

---

[3] The complete reference is as follows: "The Senate amendment is the same as the House bill, except the maximum additional civil penalty for a non-willful act is up to $10,000. In addition, the Senate amendment increases the present-law penalty for willful behavior to the greater of $100,000 or 50 percent of the amount of the transaction or account. Effective date.--The Senate amendment provision is effective with respect to failures to report occurring on or after the date of enactment."

cannot exceed $100,000.

### C. The *Norman* Decision Should Not Be Followed Because It Misinterprets the FBAR Statute

In *Norman, supra*,[4] an FBAR refund action filed by a taxpayer who paid the penalties, the U.S. Court of Federal Claims ruled that the 2004 amendment to 31 U.S.C. § 5321(a)(5)(C) increased the limit of willful FBAR violations to the greater of $100,000 or 50% of the account balance. *Norman, supra*, 138 Fed.Cl. at 195. The Court reasoned that the statute's legislative history further evidenced Congressional intent of penalties exceeding $100,000. *Id*. However, the two Congressional reports that *Norman* cited, *i.e.*, Senate Report and Joint Report (*id*. at 195-196), do not support the Court's reasoning. As explained in *Wadhan*, these two reports do not show intent of increasing penalties beyond the $100,000 ceiling. The Senate Report focused on non-willful penalties, while the Conference Report restated the obvious, *i.e.*, penalties were increased from $25,000 to $100,000.

The *Norman* Court also cited a report by the Joint Committee on Taxation that was issued on May 31, 2005, several months after the 2004 amendments became law. *Norman, supra*, 138 Fed.Cl. at 196 (*citing General Explanation of Tax Legislation in the 108th Congress*, JCS-5-05 at 387 (2005), submitted on May 31, 2005). As such, it should not be considered part of the statute's legislative history because the report was issued after the amendment was signed into law on October 22, 2004. *See* The American Jobs Creation Act of 2004, Pub. L. No. 108-357, § 821, 118 Stat. 1418 (2004).

Because *Norman* did not adequately interpret the legislative history of 31 U.S.C. § 5321(a)(5), its reasoning is not persuasive and should not be considered.

///

///

---

[4] *Norman* is currently pending an appeal filed on September 21, 2018, with the U.S. Court of Appeals for the Federal Circuit, Case No. 18-2408.

## IV. CONCLUSION

Based on the foregoing reasons, the allegations set forth in the Complaint regarding willful FBAR violations issued against Mr. Shinday exceeding $100,000 fail to state a claim upon which relief can be granted. Accordingly, the Shindays respectfully request the Court to grant the Motion and hold that the willful penalties against Mr. Shinday cannot exceed $100,000.

DATED: October 12, 2018　　　　　　　　**ARENT FOX LLP**

By: /s/ Ismael Bautista, Jr.
―――――――――――――――――
MALCOLM S. MCNEIL
ISMAEL BAUTISTA JR.
Attorneys for Defendants
MONEY SHINDAY AND NILA SHINDAY

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the county of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

I certify that on the date specified below, a true copy of this document was electronically filed with the Clerk of the Court using CM/ECF, and that CM/ECF will send a notice of electronic filing to all registered CM/ECF users as indicated below:

| Nicola T. Hanna, USA<br>Thomas D. Coker, AUSA, Chief, Tax Div.<br>Robert F. Conte, AUSA<br>John D. Ellis, AUSA<br>Federal Building, Suite 7211<br>300 North Los Angeles Street<br>Los Angeles, California 90012<br><br>Phone:   (213) 894-6607<br>              (213) 894-2740<br>Fax:     (213) 894-0115<br>*Email:*  robert.conte@usdoj.gov<br>           johnellis3@usdoj.gov | Attorneys for Plaintiff<br>United States of America |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 12, 2018 at Los Angeles, California.

/s/ Gwendolyn West
_____
GWENDOLYN WEST