NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
JOHN D. ELLIS (Cal. Bar No. pending)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6607
                    (213) 894-2740
    Facsimile:   (213) 894-0115
    E-mail:      robert.conte@usdoj.gov
                     john.ellis3@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MONEY SHINDAY and NILA SHINDAY,<br><br>    Defendants. | Civil No. 2:18-cv-6891-CAS (Ex)<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [Doc. 10]<br><br>Hearing Date:  December 3, 2018<br>Hearing Time:  10:00 a.m.<br>Courtroom:       8D<br>Location:          United States Courthouse<br>                    350 W. First Street<br>                    Los Angeles, CA 90012 |

**I.    Introduction**

The United States seeks to reduce to judgment five civil penalties (FBAR penalties), each in an amount of less than $52,000. Defendants' motion to dismiss (ECF Doc. 10), citing two non-precedential cases, contends that the penalties cannot exceed $100,000 in the aggregate. Neither case on which defendants rely, however, reached that conclusion. Rather, those cases held--incorrectly--that <u>individual</u> FBAR penalties cannot exceed $100,000. Because no such penalties are at issue, the motion should be denied.

## II. Standard of Review

Defendants' motion is made pursuant to Fed. R. Civ. P. 12(b)(6). Such a motion tests the sufficiency of the factual matters alleged in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the court is limited to the complaint, the exhibits to the complaint, documents incorporated by reference, and matters properly subject to judicial notice. E.g., In re NVIDIA Corp. Securities Litigation, 768 F.3d 1046, 1051 (9th Cir. 2014). The allegations in the complaint, together with all reasonable inferences therefrom, must be taken as true and construed in the light most favorable to non-moving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). Dismissal is appropriate only if the court determines after doing so that the non-moving party has failed to allege sufficient facts to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. "For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." Susilo v. Wells Fargo Bank, N.A., 796 F. Supp. 2d 1177, 1185 (C. D. Cal. 2011) (citing United States v. City of Redwood City, 740 F.2d 963, 966 (9th Cir. 1981)). But if such circumstances present themselves, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).

## III. Summary of Facts Set Forth in the Complaint

In this case, the United States seeks to reduce to judgment and to collect unpaid willful and non-willful FBAR penalties assessed against Money and Nila Shinday, both of whom are U.S. citizens. The FBAR penalties were assessed after defendants failed to timely file FBARs disclosing their interests in foreign financial accounts they held between 2005 and 2011. (Compl. ¶¶ 31-32, ECF Doc. 1). During those years, defendants held a Swiss account at UBS AG (UBS) and between seven and twenty-nine Indian accounts at the State Bank of India (SBI). (Id. ¶¶ 9-10). The year-end balances in the accounts were:

| Year | Account | Balance |
|---|---|---|
| 2005 | UBS | $350,019 |
|  | SBI (multiple) | $444,035 |
| 2006 | UBS | $361,819 |
|  | SBI (multiple) | $669,729 |
| 2007 | UBS | $420,893 |
|  | SBI (multiple) | $258,079 |
| 2008 | UBS | $15,003 |
|  | SBI (multiple) | $306,647 |
| 2009 | SBI (multiple) | $411,502 |
| 2010 | SBI (multiple) | $216,530 |
| 2011 | SBI (multiple) | $362,506 |

(Id.)

On August 23, 2016, the IRS assessed five willful FBAR penalties against Money Shinday as follows:

| Year | Amount of Penalty |
|---|---|
| 2007 | $51,578 |
| 2008 | $51,578 |
| 2009 | $51,578 |
| 2010 | $51,577 |
| 2011 | $51,577 |

(Id. ¶ 32; Ex. 2).

### IV. The FBAR Penalty

The Currency and Foreign Transactions Reporting Act, also known as the Bank Secrecy Act (BSA), 31 U.S.C. § 5311-25, was enacted in 1970. Pub. L. 91-508, 84 Stat. 1114. The BSA, among other things, imposed on U.S. citizens a number of reporting requirements intended to have "a high degree of usefulness in criminal, tax, or regulatory

3

investigations or proceedings." 31 U.S.C. § 5311; see also California Bankers Ass'n v. Shultz, 416 U.S. 21, 26 (1974).

The BSA, as relevant here, requires U.S. citizens to report to the Secretary of the Treasury any interests they hold in foreign financial accounts with balances over $10,000. 31 U.S.C. § 5314; 31 C.F.R. §§ 1010.306 and 1010.350. The form designated for this purpose is Treasury Department Form 90-22.1, Report of Foreign Bank and Financial Accounts. 31 C.F.R. § 1010.350(a). This form is commonly called an FBAR. An FBAR is an information report (i.e., no tax is due with its filing) that must be filed no later than June 30 of the year following the calendar year during which the account was held. 31 C.F.R. § 1010.306(d); United States v. Williams, 489 Fed. Appx. 665 (4th Cir. 2012). Individuals who fail to timely report a foreign account may be assessed a civil penalty. See 31 U.S.C. §§ 5314 and 5321. This penalty comes in two varieties. A penalty for a non-willful FBAR violation cannot exceed $10,000. 31 U.S.C. § 5321(a)(5)(B). A penalty for a willful FBAR violation can be the greater $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C)-(D). This, however, was not always the case.

Before 2004, 31 U.S.C. § 5321(a)(5) provided that the Treasury Secretary could impose a maximum willful FBAR penalty of $25,000 or "an amount (not to exceed $100,000) equal to the balance in the account at the time of the violation," whichever was greater. Tracking the statute, 31 C.F.R. § 103.57 authorized "a civil penalty not to exceed the greater of the amount (not to exceed $100,000) equal to the balance in the account at the time of the violation, or $25,000" for a willful FBAR violation.[1] In 2004, Congress passed the American Jobs Creation Act of 2004 (AJCA), Pub. L. No. 108-357, 118 Stat. 1418 (2004), which increased the maximum civil penalty for willful violations of the FBAR reporting requirements. Congress believed that "improving compliance

---

[1] This language was added by the Anti-Drug Abuse Act of 1986 (also known as the Money Laundering Control Act of 1986), Pub. L. No. 99-570, Tit. I, Subtit. H, 100 Stat. 3207, 3207-18 et. seq.

4

with [the FBAR] reporting requirement is vitally important to sound tax administration, to combatting terrorism, and to preventing the use of abuse tax scheme and scams," S. Rep. No. 108-192 at 108 (2004), and that "increasing [the previous law's] penalty for willful non-compliance" would "improve the reporting of foreign financial accounts," Joint Committee on Taxation, *General Explanation of Tax Legislation Enacted in the 108th Congress*, JCS-5-05 at 387 (2005).

In the revised 31 U.S.C. § 5321, Congress provided that the maximum civil penalty for willful violations of 31 U.S.C. § 5314 occurring after October 22, 2004, "shall be increased" to the greater of $100,000 or 50% of the balance in the account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C) and (D) (emphasis added). The AJCA thus eliminated the $100,000 cap contained in the prior version of 31 U.S.C. § 5321 and its regulation, 31 C.F.R. § 103.57, on willful violations and "mandate[d] that the maximum penalty allowable for willful failure to report a foreign bank account be set at a specific point: the greater of $100,000 or 50 percent of the account's balance." Norman v. United States, 138 Fed. Cl. 189, 195 (2018). Because the amended penalty structure superseded the prior statutory and regulatory provisions, the IRS stopped applying the penalty maximums in the regulation and began applying, consistent with Congress' intentions, the penalty maximums in 31 U.S.C. § 5321(a)(5), as amended.

Despite the 2004 changes to 31 U.S.C. § 5321(a)(5), the Treasury Department has not, to date, repealed 31 C.F.R. § 103.57. It did, however, renumber the regulation to 31 C.F.R. § 1010.820 as part of a 2010 restructuring of the BSA regulations. See Final Rule, 75 Fed. Reg. 65806 (Oct. 26, 2010). But this renumbering was in no way an exercise of the Treasury Department's rulemaking authority; rather, it was merely renumbering the BSA regulations in a way that made them easier to find. See id. Because the renumbering was ministerial, not substantive, the Treasury Department rejected as "outside the scope of th[e] rulemaking" "all comments . . . that requested a substantive change, or would result in a substantive change" to the renumbered regulations. Id. at 65807. And consistent with the ministerial nature of the changes, it

5

explicitly declined to repeal portions of the regulations that appeared obsolete, including "certain portions of the previous 31 C.F.R. § 103.57." Id.

To date, three trial courts have considered the interplay between 31 C.F.R. § 1010.820, the renumbered regulation, and 31 U.S.C. § 5321(a)(5), the revised statute. At issue in each case were willful FBAR penalties that were greater than the maximums set forth in 31 C.F.R. § 1010.820 but at or below the maximums set forth in 31 U.S.C. § 5321(a)(5)(C) and (D). Two courts, the United States District Court for the Western District of Texas and the United States District Court for District of Colorado, concluded that the regulation "cabins" the IRS's authority to assess willful penalties to no more than $100,000, despite the statute's unambiguous language to the contrary. United States v. Colliot, 2018 WL 2271381 (W.D. Tex. May 16, 2018) and United States v. Wahdan, __ F.Supp. 3d __, 2018 WL 3454973 (D. Co. July 18, 2018). Those courts perceived no inconsistency in the regulation's penalty structure and that of the statute, reasoning that "the penalty cap in the regulation is, in essence, a subset of the penalties that could be imposed under the statute" and that "in the exercise of statutory discretion, the [Treasury] Secretary limited the penalties that the IRS could impose to $100,000." Wahdan, 2018 WL 3454973 at *3.

But the Court of Federal Claims reached the opposite conclusion. Norman v. United States, 138 Fed. Cl. 189 (2018). It held that the maximum penalty set forth in 31 C.F.R. § 1010.820 was inconsistent with the AJCA's amendments to 31 U.S.C. § 5321(a)(5) and invalidated the regulation as inconsistent with the statute under which it was promulgated. Id. at 196 (citing United States v. Larionoff, 431 U.S. 864, 873 (1977)). The linchpin of the Court of Federal Claims' conclusion was Congress' use of "shall" in the AJCA's amendments to 31 U.S.C. § 5321(a)(5). It reasoned that by "us[ing] the imperative, 'shall,' rather than the permissive, 'may,'" in amending the maximum willful FBAR penalty, Congress divested from the Treasury Secretary the "discretion to regulate any other maximum." Id. at 196.

//

6

### V. Argument

#### 1. Colliot and Wahdan are Inapplicable

Defendants contend that the FBAR penalties assessed against Money Shinday violate the Administrative Procedures Act, 5 U.S.C. § 706(2), because they are "federal agency actions that are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" The crux of their argument is that pursuant to 31 C.F.R. § 1010.820, the willful FBAR penalties assessed against Money Shinday "cannot exceed $100,000" in the aggregate.[2] (Doc. 10-1, p. 2). Defendants' motion liberally cites Colliot and Wahdan but misstates their holdings. Both cases concerned FBAR penalties that <u>individually</u> exceeded $100,000 (and therefore the purported cap in 31 C.F.R. § 1010.820). No such penalties are at issue here.

In Wahdan, the IRS sought to reduce to judgment "numerous penalties for multiple FBAR violations." 2018 WL 3454973 at *1. The Wahdans moved for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Id. But their motion and the opinion concerned only the FBAR penalties that individually exceeded $100,000—*viz.*, a $1,108,645 penalty assessed for 2008, a $599,234 penalty assessed for 2009, and a $599,234 penalty assessed for 2010. Id. The court did not purport to limit the remaining assessments, "many of which were flat amounts of $100,000." Id.

The same is true in Colliot, in which the IRS assessed 16 FBAR penalties. W.D. Tex. No. 1:16-cv-1281-SS, Doc. 1. Four FBAR penalties totaling $548,773 were assessed for 2007; four FBAR penalties totaling $196,082 were assessed for 2008; and smaller penalties were asserted for 2009 and 2010. Colliot, 2018 WL 2271381 at *1. After discovery, Colliot moved for summary judgment with respect to a $323,773 penalty assessed for 2007, contending that the penalty exceeding the applicable maximum set forth in 31 C.F.R. § 1010.820. Id. The Court agreed that regulatory maximums set forth in 31 U.S.C. § 1010.820 limited the IRS's authority to assess willful

---

[2] The motion does not contest the non-willful FBAR penalties assessed against Nila Shinday.

7

FBAR penalties but declined to address "what relief might be appropriately afforded Colliot under these circumstances," declined to determine which, if any, penalties exceeded the regulatory maximum, and ordered the parties to submit "additional briefing on the appropriate next steps" it should take. Colliot, 2018 WL 2271381 at *3. Those steps are apparently still being determined. See Colliot, W.D. Tex. No. 1:16-cv-1281-SS, Docs. 65 and 66. But in any event, the reasoning in Colliot is clearly limited to FBAR penalties that individually exceeded the cap set forth in 31 C.F.R. § 1010.820.

Here, each FBAR penalty asserted against Money Shinday was below the purported limit described in Colliot and Wahdan. As set forth in the complaint, defendants held numerous foreign accounts between 2005 through 2011. The aggregate account balances for those years were between $216,530 and $678,972. Defendants failed to timely report their foreign financial accounts to the IRS. Under 31 U.S.C. § 5321 the IRS may assess an FBAR penalty for each violation of the FBAR reporting requirements. The IRS assessed five FBAR penalties with respect to Mr. Shinday, one for each of the 2007 through 2011 tax years. Even under Colliot and Wahdan, the penalties--each under $52,000--are proper. The FBAR penalties at issue do not violate 31 C.F.R. § 1010.820. Defendants' motion should be denied.

2.  Colliot and Wahdan were Incorrectly Decided

As described above, the holdings in Colliot and Wahdan are not applicable to defendants' case because the FBAR penalties at issue are below the cap set forth in 31 C.F.R. § 1010.820. Separately, the government notes that both cases were wrongly decided.[3] The linchpin of the Colliot and Wahdan decisions was their determination that 31 C.F.R. § 1010.820 limits the Treasury Secretary's discretion to impose willful FBAR penalties. Colliot, 2018 WL 2271381 at *4; Wahdan, 2018 WL 3454973 at *4. That conclusion, however, is belied by the unambiguous language of 31 U.S.C. § 5321(a)(5),

---

[3] Neither case, of course, is binding on the Court. Both are from outside of the Ninth Circuit and therefore authoritative only to the extent that they are persuasive. See Engel v. CBS, Inc., 886 F.Supp. 728, 731 (C. D. Cal. 1995).

8

as revised, and well as its legislative history.

As described above, the AJCA, passed in 2004, unambiguously increased the maximum civil penalty available to the IRS for willful violations of the FBAR reporting requirements. In the revised 31 U.S.C. § 5321(a)(5)(C) and (D), Congress provided that the maximum civil penalty for willful violations of 31 U.S.C. § 5314 occurring after October 22, 2004, "shall be increased" to the greater of $100,000 or 50% of the balance in the account at the time of the violation (emphasis added). By "us[ing] the imperative, 'shall,' rather than the permissive, 'may,'" in amending the maximum willful FBAR penalty, Congress divested from the Treasury Secretary the "discretion to regulate any other maximum." Norman, 138 Fed. Cl. at 195. It thus eliminated 31 C.F.R. § 103.57's $100,000 cap on willful violations and "mandate[d] that the maximum penalty allowable for willful failure to report a foreign bank account be set at a specific point: the greater of $100,000 or 50 percent of the account's balance." Id. As revised, the text of 31 U.S.C. § 5321(a)(5) is clearly inconsistent with the 31 C.F.R. § 1010.820. Id. Accordingly, the former invalidated the latter. See Larionoff, 431 U.S. at 873. Defendants' assertions to the contrary are incorrect.

        3.   <u>Defendants Inappropriately Reference an Unrelated Case</u>

Lastly, defendants' motion references a United States Tax Court case, docket number 5612-17, filed by defendants. Defendants' reference to that case is inappropriate. A motion filed under Fed. R. Civ. Pro. 12(b)(6) tests the sufficiency of the factual matters alleged in the complaint. Iqbal, 556 U.S. at 678. In reviewing the sufficiency of a complaint under that rule, the court is limited to the complaint itself, its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice. E.g., In re NVIDIA Corp. Securities Litigation, 768 F.3d 1046, 1051 (9th Cir. 2014). The complaint did not make any allegations regarding the Tax Court case, attach any exhibits relating to it, or incorporate any documents relating to that case. Further, defendants have not requested that the Court take judicial notice of the Tax Court decision. Nor have they established that the decision is a proper subject for

judicial notice. And in any event, the disposition of defendants' Tax Court case has no bearing on this one. That case concerned, among other things, whether defendants committed civil fraud in underreporting their income for various tax years.[4] That is a separate question from the one presented here (i.e., whether defendants willfully violated the FBAR reporting requirements). Any references to the Tax Court case should be excluded.

**VI.   Conclusion**

The United States' allegations, viewed in the light most favorable to it, state a plausible claim for which relief can be granted. <u>Colliot</u> and <u>Wahdan</u> are inapplicable and wrongly decided. The motion should be denied.

Dated:  November 13, 2018            Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

    /s/ John D. Ellis
JOHN D. ELLIS
Assistant United States Attorney


    /s/ Robert F. Conte
ROBERT F. CONTE
Assistant United States Attorney

Attorneys for the United States of America

---

[4] Further, the motion is misleading as to the disposition of that case. The Tax Court did not, as defendants contend, find that defendants did not commit civil fraud in underreporting their income. Rather, the IRS conceded that issue in a stipulated decision document. The Tax Court did not make any findings as to fraud.