NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorneys
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6607
                   (213) 894-2740
    Facsimile: (213) 894-0115
    E-mail: robert.conte@usdoj.gov
                 john.ellis3@usdoj.gov

Attorneys for the
United States of America

FILED
CLERK, U.S. DISTRICT COURT
MAY - 3 2019
CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MONEY SHINDAY and NILA SHINDAY,<br><br>    Defendants. | Civil No. 2:18-cv-6891-CAS (Ex)<br><br>[~~PROPOSED~~] NON-WAIVER ORDER |

This Order is entered pursuant to a stipulation between plaintiff United States of America and defendants Money Shinday and Nila Shinday (collectively, "the parties").

1. <u>Preamble</u>.

    1.1. This Order is made pursuant to Federal Rule of Evidence 502(d).

    1.2. The parties in this case desire to minimize costs, save time, ensure predictable outcomes, and work cooperatively regarding the production of voluminous documents in discovery.

    1.3. This Order addresses:

    1.3.1. Inadvertent disclosures of privileged material.

    1.3.2. Mistaken disclosures of privileged material.

    1.3.3. The scope of wavier of any privilege on production.

2. <u>Definitions and terminology.</u>

  2.1. The term "destroy" means to physically destroy, permanently delete, permanently redact, or otherwise make the document or the subject portion of the document inaccessible or unreadable.

  2.2. The term "document" refers to items of the nature specified in Fed. R. Civ. P. 34(a)(1)(A), including electronically stored information.

  2.3. The terms "producing party" and "receiving party" are used in relation to the particular document under consideration.

  2.4. The term "privilege" means the attorney-client privilege, the deliberative process privilege, the work-product doctrine, or other applicable privilege or doctrine which normally functions to protect a document or a portion of a document from disclosure.

  2.5. The term "privileged document" means a document which is protected from disclosure by the attorney-client privilege, the deliberative process privilege, the work-product doctrine, or other applicable privilege or doctrine which normally functions to protect the document from disclosure.

3. <u>Duty to review documents for protection.</u>

  3.1. Before producing documents in discovery, counsel for the producing party, or persons acting under his direct supervision, shall examine files containing documents to be produced and shall screen all documents for any applicable privilege. This examination shall be performed with diligence and with due regard for the likelihood that the file contains protected documents to the extent reasonably possible in light of the time that has elapsed since the creation of the documents and the loss of information regarding the circumstances of their creation.

3.2. Within 14 days after production or 14 days after the entry of this order, whichever is later, the producing party shall provide to the receiving party a privilege log of any documents withheld. The privilege log shall be sufficient to meet the requirements of Fed. R. Civ. P. 26(b)(5).

4. Inadvertent disclosures.

4.1. Provided that a party has reasonably satisfied its duty to review documents for protection as specified in section 3, the producing party may request that the receiving party return any privileged document that was inadvertently produced. This request must be made within 14 days after the producing party's discovery of the inadvertently produced document.

4.2. Upon receipt of the request for the return of the document, the receiving party shall return the document to the producing party, seek to reach an agreement with the producing party regarding the disposition of the document, or, if they cannot reach an agreement as to the disposition of the document, seek guidance from the Court.

5. Mistaken production.

5.1. A party may be in possession of documents with respect to which it may not be able to determine whether a privilege applies due to, among other things, the age of the document or the unavailability of persons who would know facts required to determine the applicability of a privilege.

5.2. If, after production, a producing party determines that a produced document is subject to privilege, the producing party shall notify the receiving party within 7 days of its determination that the document is subject to privilege and request that the receiving party return the document.

5.2.1. This determination must be made no later than 30 days before the deadline for the completion of fact discovery or 7 days after the final deposition, whichever comes later. If the determination is not made by that time, the producing party may not thereafter assert that the document is privileged.

5.3. In its request for the return of the document, the producing party shall provide the receiving party with an explanation of the recently discovered facts which form the basis for the producing party's assertion of privilege.

5.4. Upon receipt of the request for return of the document, the receiving party shall return the document to the producing party, seek to reach an agreement with the producing party regarding the disposition of the document, or, if the receiving and producing parties cannot reach an agreement as to the disposition of the document, seek guidance from the Court.

6. Copies of notes of documents produced inadvertently or mistakenly.

6.1. Once a document has been identified as privileged in accordance with section 4 or 5, the receiving party shall not subsequently copy or use the document in any way or in any proceeding unless the Court determines that the document is not protected or the producing party's claim of privilege is withdrawn.

7. Limitation of waiver to documents produced.

7.1. The inadvertent or mistaken production of a privileged document shall not waive any applicable privilege so long as the conditions for preserving and asserting the privilege, as specified in this agreement, have been satisfied.

7.2. The intentional or deliberate production of a document or portion of a document otherwise protected by the work-product doctrine or deliberative-process privilege shall constitute a waiver of those protections only to the extent of the document or portion of the document produced. The waiver shall not extend to any documents relating to the intentionally or deliberately produced document, including, for instance, a memo discussing the document.

7.3. The intentional or deliberate production of a document or portion of a document otherwise protected by the attorney-client privilege shall constitute a waiver of the privilege only to the extent of the document or portion of the document product. Again, the waiver shall not extend to any documents relating to the intentionally or

deliberately produced document, including, for instance, a memo discussing the document.

7.4. If the receiving party believes that fairness, as contemplated in Fed. R. Evid. 502, requires the production of any non-disclosed privileged information concerning the same subject matter, the receiving party shall notify the producing party within 60 days of the date of production or 60 days from the signing of this stipulation, whichever is later. In its notice, the receiving party shall explain to the producing party why fairness requires the production of any non-disclosed material.

7.4.1. If such notice is not provided within 60 days of production or 60 days from the signing of this stipulation, whichever is later, the receiving party shall be deemed to have waived the argument that fairness requires the production of non-disclosed privileged information.

7.4.2. If the parties are not able to resolve the dispute through informal consultation, the parties shall submit the dispute to the Court under the applicable local rules.

7.4.3. The waiver of the fairness arguments specified in section 7.4.1 extends only to the production of documents in discovery. It does not extend to the use of any documents in any proceeding before the Court in this case.

7.5. Section 7 of this stipulation addresses only the production of documents in discovery. It does not address the use of any documents in any proceeding before the Court in this case. If the producing party relies on a portion of a privileged document in Court as an exhibit in support of or in opposition to a motion, at trial, or in any other proceeding before the Court, the receiving party may argue subject-matter waiver under the standards set forth in case law and Fed. R. Evid. 502(a), as applicable.

8. <u>Duty of the receiving party to notify the producing party of potential inadvertent disclosures of substantive attorney-client communications and work-product material.</u>

8.1. If the receiving party believes that it has inadvertently received in discovery

substantive attorney-client material or any work-product material prepared by counsel for the producing party, then it shall immediately cease reviewing the material, sequester it, and promptly notify opposing counsel of the receipt of the material.

8.2. Upon being notified of the possible inadvertent disclosure, the producing party shall respond, in writing, within 7 days regarding whether the disclosure was inadvertent.

**IT IS SO ORDERED.**

Dated: 5/3/19

HON. ~~CHRISTINA A. SNYDER~~
~~UNITED STATES DISTRICT JUDGE~~
Charles F. Eick
United States Magistrate Judge

6